**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ROBINSON, | No. 20-16429 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00829-JCM-NJK |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Victor Robinson appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging federal and state law claims in connection

with his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Robinson's excessive force, assault, and battery claims because Robinson failed to raise a genuine dispute of material fact as to whether defendant Bunn used an unreasonable amount of force against him. *See Tuuamalemalo v. Greene*, 946 F.3d 471, 478 (9th Cir. 2019) (under Nevada law, police officers can use the amount of force which appears reasonably necessary); *Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (setting forth elements of an excessive force claim); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt the version of the facts for purposes of ruling on a motion for summary judgment.").

The district court properly granted summary judgment on Robinson's equal protection claim because Robinson failed to raise a genuine dispute of material fact as to whether Bunn discriminated against him on the basis of his membership in a protected class. *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under § 1983, [plaintiff] must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." (citations and internal quotation marks omitted)).

**AFFIRMED.**